**6**

SECURITIES INVESTMENT COMPANY,
a corporation, Plaintiff-Respondent,

v.

Roy A. HICKS and Ada Bell Hicks,
Defendants-Appellants.

No. 8873.

Springfield Court of Appeals.

Missouri.

June 25, 1969.

Wangelin & Friedewald, Poplar Bluff, for defendants-appellants.

Hyde, Purcell & Wilhoit, Poplar Bluff, for plaintiff-respondent.

STONE, Judge.

This is a jury-waived, court-tried action at law in two counts on two negotiable promissory notes admittedly executed and delivered by defendants Roy A. Hicks and Ada Bell Hicks, husband and wife, to Kold Draft, Incorporated, the payee, which sold and endorsed both notes without recourse to plaintiff Securities Investment Company. Upon trial, plaintiff had judgment on the first count for $4,703.75, the unpaid balance of the principal sum, and an attorneys' fee of $705.56, or for the aggregate amount of $5,409.31, and on the second count for $4,411.75, the unpaid balance of the principal sum, and an attorneys' fee of $661.76, or for the aggregate amount of $5,073.51. Defendants appeal.

By the first note dated October 8, 1963, "for value received" defendants promised to pay to the order of Kold Draft the principal sum of $7,950 in 60 consecutive monthly installments of $132.50 each; and by the second note dated February 17, 1964, "for value received" defendants promised to pay to the order of Kold Draft the principal sum of $6,757.50 in 59 consecutive monthly installments of $113 each and a final installment of $90.50. It developed upon trial that each note was given for a bagged ice vending station, including a machine making ice cubes and a bin, purchased by defendants from Kold Draft, one station being placed in a shopping center and the other in defendants' service station at Poplar Bluff, Missouri, and that payment of each note was secured by a chattel mortgage covering the vending station for which the note was given. However, *plaintiff's petition* was bottomed solely on the notes with no mention therein of the chattel mortgages, which had not been foreclosed. Each count of the petition described the note on which that count rested, with a copy of the note attached and made a part thereof, and alleged that said note was duly executed and delivered to Kold Draft, that before default Kold Draft assigned it to plaintiff, that defendants were notified of such transfer and were directed to make their payments to plaintiff which they did until defaulting on a stated date (in each count more than two years after the date on which the note in suit had been executed and delivered), and that plaintiff was a holder in due course of said note. The prayer of each count was for the unpaid balance of the note, an attorneys' fee of fifteen per cent thereof as provided in the note, and costs.

*Defendants' answer* was a general denial in two counts, in each of which the sole averment was that defendants "deny each and every allegation set forth in [the corresponding count of] plaintiff's petition." Execution of the notes was thereby confessed [Rule 55.25; § 509.240],

and there has been and is no issue concerning delivery thereof. (Except as otherwise stated, all statutory references are to RSMo 1959, V.A.M.S., and all references to rules are to the Supreme Court Rules of Civil Procedure, V.A.M.R.) We here observe that the provisions of the Uniform Commercial Code [Laws 1963, p. 503, now V.A.M.S. Chap. 400] are not applicable to the transactions under discussion, since they occurred prior to July 1, 1965, the effective date of the Code. Laws 1963, p. 637, § 10–101; 20A V.A.M.S., p. 2; Laws 1963, p. 637, § 10–102(2), now V.A.M.S. § 400.10–101.

Defendants' theory of the case, as stated in their points relied on, is that "the transaction involving notes given by defendants to [Kold Draft] was usurious and the taking of the instrument[s] by plaintiff amounted to bad faith," that "having acquired usurious notes [plaintiff] was not a holder in due course," that therefore the notes became subject to the same defenses as if they had been nonnegotiable, and that the consideration for the notes had failed because the vending stations were not as warranted. Plaintiff's countering points are that defendants could not rely on usury or failure of consideration because neither was pleaded affirmatively, but that, even if those defenses had been available to them, the notes were not usurious and there was no failure of consideration.

▇▇▇ The primary and underlying defense, upon which defendants' case rested and depended, was that of usury, an affirmative defense which must be pleaded specifically. Rule 55.10; § 509.090; Bond v. Worley, 26 Mo. 253(2); Smith v. Motors Insurance Corp., Mo.App., 270 S.W.2d 128, 133; Zancker v. Northern Ins. Co. of New York, 238 Mo.App. 110, 116, 176 S.W.2d 523, 527(7); Friday v. Scherer, Mo.App., 110 S.W.2d 819, 824(5); Fischman v. Schultz, Mo.App., 55 S.W.2d 313, 318(4). See particularly § 408.060, which provides that "[u]sury may be pleaded as a defense in civil actions in the courts of this state,

and upon proof that usurious interest has been paid, the same, in excess of the legal rate of interest, shall be deemed payment, [and] shall be credited upon the principal debt . . . ." (Emphasis ours) Likewise, failure of consideration was an affirmative defense [Thompson v. McCune, 333 Mo. 758, 764, 63 S.W.2d 41, 43(2); Burrell v. Kaiser's Estate, Mo.App., 344 S.W.2d 622, 626(5); Blickhan v. Trans World Airlines, Mo.App., 305 S.W.2d 743, 746(5)] required to be pleaded specifically and thus not available under a general denial. Smith v. Ohio Millers' Mut. Fire Ins. Co., 320 Mo. 146, 167, 6 S.W.2d 920, 927; South Side Bank of Kansas City v. Ozias, Mo.App., 155 S.W.2d 519, 527 (19); Cahn v. Miller, Mo.App., 106 S.W. 2d 495, 496(3), 497; Aetna Investment Corp. v. Chandler Landscape & Floral Co., 227 Mo.App. 17, 22, 50 S.W.2d 195, 198(5); Franklin Bank v. International Hospital Equipment Co., 217 Mo.App. 131, 145, 273 S.W. 197, 200(7); Hyde v. Henman, Mo.App., 256 S.W. 1088, 1091(3); Woodin v. Leach, 186 Mo.App. 275, 281, 172 S.W. 62, 64(4); George T. Smith Middlings Purifier Co. v. Rembaugh, 21 Mo.App. 390, 393(2). See Fitzgibbon Discount Corp. v. Hatchett, Mo.App., 427 S. W.2d 786, 789(4).

▇▇▇ If the issues concerning usury and failure of consideration which defendants presented in the course of trial had been "tried by express or implied consent of the parties," we would be authorized to treat them "in all respects as if they had been raised in the pleadings" and to regard the answer as amended to conform to the evidence. Rule 55.54; § 509.500. But the record before us affords no basis for application of these curative provisions. When, early in the cross-examination of plaintiff's first witness, Kold Draft's president, defendants' counsel sought to elicit testimony bearing upon usury and failure of consideration, plaintiff's attorney objected at length, including a specific objection "on the ground that there has been nothing pleaded in defend-

ant's answer to set up . . . any defense for lack of consideration or any defense of usury or usurious rate of interest, which are affirmative defenses but they have not been pleaded, and the defendants are entirely out of line in going into this matter when it is not in issue . . . ." The quoted objection was overruled as were four subsequent objections similarly predicated upon the fact that defendants had filed a general denial and had pleaded no affirmative defense. Having seasonably objected to evidence designed to show usury or failure of consideration, plaintiff did not waive those objections by cross-examining or offering countervailing evidence. Taylor v. Kansas City Southern Ry. Co., Mo., 293 S.W.2d 894, 898(3); Bice v. Birk, Mo.App., 435 S.W.2d 734, 736–737(5, 6); State ex rel. State Highway Com'n. v. Fenix, Mo.App., 311 S.W.2d 61, 65(6). In the circumstances reflected by the transcript, there was no consent to trial of the unpleaded affirmative defenses of usury and failure of consideration [White v. McCann, Mo., 389 S.W.2d 763, 767–768(4); City of Fredericktown v. Osborn, Mo.App., 429 S.W.2d 17, 24(9–11)]; and with defendants at no time seeking leave to amend their answer [cf. Edwards v. Hrebec, Mo.App., 414 S.W.2d 361, 367] as they might have done [Rule 55.54; § 509.500], the evidence bearing upon usury and failure of consideration was not properly before the trial court and is not rightly for review here.

■ But, although review of such evidence is neither invoked nor justified under Rule 79.04, nevertheless we have, ex gratia, painstakingly examined all of the evidence and have reached the considered conclusion that determination of the unpleaded affirmative defenses on their merits would lead to the same practical result, i. e., affirmance of the judgment nisi. In the appellate posture of the case, recitation of factual details would be al-together useless and would work no legal or literary contribution. Suffice it to record our judgment that the transactions under scrutation actually were bona fide sales of bagged ice vending stations at time payment prices and not mere devices to evade the usury statutes, and that the notes in suit were not usurious as belatedly charged by defendants. Wyatt v. Commercial Credit Corp., Mo.App., 341 S.W. 2d 348, 351–353(3); General Contract Purchase Corp. v. Propst, Mo.App., 239 S.W.2d 563, 566–567(4, 5); General Motors Acceptance Corp. v. Weinrich, 218 Mo. App. 68, 262 S.W. 425; annotation 14 A.L.R.3d 1065, 1077–1084.

■ Since plaintiff sued as endorsee, defendants' general denial did put in issue plaintiff's title, i. e., ownership of the note [cf. Hall v. Eime, Mo.App., 81 S.W. 2d 347, 348], and genuineness of the endorsement. John Deere Co. of St. Louis v. Davis, Mo.App., 335 S.W.2d 685, 688 (2); Nance v. Hayward, 183 Mo.App. 217, 219, 170 S.W. 429(1); Worrell v. Roberts, 58 Mo.App. 197, 198. With respect to these matters, the uncontradicted testimony of witness Sinco, Kold Draft's president, and of witness Chellis, plaintiff's office manager, was that the two notes in suit were endorsed by Kold Draft and sold to plaintiff within one week after their respective dates for the sums of $6,000 and $5,100, respectively. We have no doubt but that the trial court reasonably could have found from the evidence (as he did) that Kold Draft "for a good and valuable consideration and before default, sold and assigned said promissory note[s] to [plaintiff] Securities Investment Company," and that plaintiff was a holder in due course. § 401.052. See Local Finance Co. v. Charlton, Mo.App., 289 S.W.2d 157, and cases there collected.

The judgment for plaintiff is affirmed.

HOGAN, P. J., and TITUS, J., concur.