Carlos E. DAY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9626.

Missouri Court of Appeals,
Springfield District.

Nov. 15, 1974.

**54**

Ted M. Henson, Jr., Poplar Bluff, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, Clarence Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

Before HOGAN, C. J., and TITUS, BILLINGS and FLANIGAN, JJ.

TITUS, Judge.

Carlos E. Day pleaded guilty April 16, 1973, to unlawfully possessing lysergic acid diethylamide (LSD) and made "oral application for probation or parole." When Day appeared June 12, 1973, for allocution and sentencing, the application for probation was withdrawn and he was sentenced to imprisonment for 5 years. Ch. 195 RSMo 1969, V.A.M.S., Amended L.1971. On August 13, 1973, Day filed a Rule 27.26, V.A.M.R., motion to vacate the sentence on two grounds, videlicet: "(a) Movant's guilty plea . . . was involuntarily made in that Movant was induced and misled by counsel into believing that such plea would result in him receiving a minimum (2) year sentence [and] (b) Movant's guilty plea . . . was involuntarily made in that the trial court failed to develop from the Movant that there was a factual basis for such plea." At the close of the evidentiary hearing and in compliance with Rule 27.26(i), the trial court made findings of fact and conclusions of law which led to denial of the motion. Movant, who has been represented by court-appointed counsel in all involved proceedings, appealed.

As to ground (a)—At the hearing on the motion, movant testified: "Nobody actually told me that I would [receive a two-year sentence], but I was under the impression that I would," and when it developed that movant's impression was self-conceived after he pleaded and was awaiting sentence, he was asked and answered: "Q. Then this statement that your plea was involuntarily made or that you entered a plea of guilty being misled and induced by counsel into believing that you would get two years is incorrect, is that right? A. Yes." An unfulfilled self-conjured impression that one will receive a sentence lighter than that given is not sufficient alone to set aside a guilty plea [Babcock v. State, 485 S.W.2d 85, 90[12] (Mo.1972) ] and when movant concedes his impression was not born of real or positive representations upon which he was entitled to rely, the plea will not be disturbed. Pavy v. State, 504 S.W.2d 153, 155 (Mo.App.1973). Moreover, as movant admitted the impression was not formed until after he pleaded guilty and admitted he was incorrect in asserting the plea was induced by any representation that he "would get two years," we cannot say the trial court clearly erred in finding adverse to movant on ground (a) of the motion.

As to ground (b)—When movant pleaded guilty April 16, 1973, the court

asked and he answered, inter alia: "Q. How much of this stuff did you have, this LSD? A. Two small tablets, tablet form. Q. Where were they, where did you have them in your possession? A. In a coat pocket. I had a coat on and they were in the left hand coat pocket. Q. How long had they been in there? A. I don't really know. I don't remember. Q. Did you put them there? A. Yes I did." At the hearing on the motion, the foregoing questions and answers were read separately to movant. When inquiry was made after each reading if the question was asked and the answer was given, movant replied in the affirmative. Consequently, the trial court correctly concluded there was no proof to support ground (b) of the motion.

■ With the above in mind, it is little wonder that on appeal movant forsook the grounds advanced in his motion and now seeks succor for three reasons wholly foreign thereto. In movant's brief the points relied on are that the trial court erred in denying the motion because (I) movant was induced to plead guilty by counsel's representation that "he had a 100% chance of getting probation," (II) movant was misled "into authorizing his lawyer to withdraw his request for probation . . . by assurances . . . that he would receive a minimum sentence of two years", and (III) movant "and his lawyer were not allowed to learn the contents of or to confer about the [presentencing] report and were not permitted to explain the contents of the report, thus depriving [movant] of due process of law." Of course, these complaints present nothing for appellate review because they were not included as grounds in his motion for relief under Rule 27.26 and we are precluded from considering grounds for relief advanced for the first time upon appeal. Griffith v. State, 504 S.W.2d 324, 329[7] (Mo.App.1974).

In an effort to avoid the last pronouncement, we were reminded during oral argument that a motion filed under Rule 27.26 "is an independent civil action" [Rule 27.-26(a) ], and that counsel, in relying on the three points advanced in movant's brief, seeks to invoke Rule 55.33(b) which provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." It is not necessary to determine the propriety of this procedure for we have concluded movant is entitled to no relief, even on the points penned in his brief. Crego v. State, 447 S.W.2d 550, 552–553 (Mo.1969).

■ Albeit movant volunteered at the hearing on his motion that his lawyer told him "my chances for probation were nearly one hundred percent," the credibility of his assertion of reliance upon such an expression was nullified by his answer "No" to the question "[Y]ou were under no allusion [sic] [when pleading guilty] that probation was mandatory, that you were absolutely going. to get it, were you?". In addition, the transcript of the proceeding had by the court in conjunction with the plea of guilty shows that movant was asked and answered: "Q [by the court]. Did anybody promise you anything or threaten you in any way in order to get you to plead guilty? A [by movant]. No, sir."

■ Contrary to movant's second appeal point, the transcript of the sentencing proceedings reveals that when movant and his lawyer appeared for allocution and sentencing, the latter stated to the court: "Mr. Day [movant] asked me shortly before coming in the Court Room to withdraw his request for probation . . . and it came as a surprise to me . . . . Apparently it is something that he thought of himself." Movant (then defendant) expressed no displeasure with this representation. At the Rule 27.26 motion hearing, the lawyer who represented movant after he pleaded guilty testified that subsequent to the plea and before sentencing movant told him "he had had a concurrent charge I believe in Wayne County of

stealing" and that this revelation prompted the lawyer to admonish movant this "would have a real effect on his chances for probation." Counsel affirmed at the hearing that it was movant's idea, not his, that the probation application be withdrawn. Although not required to do so, the trial court made the additional finding of fact that the withdrawal of the request for probation "was done with the movant's knowledge and consent." This finding was not clearly erroneous.

As an aside to the penultimate point on appeal and movant's many references to "a minimum sentence of two years," we observe that two years was not a minimum sentence. The trial court correctly advised movant when he pleaded guilty that the range of punishment was "imprisonment in the Missouri Department of Corrections for a term of not more than twenty years or by imprisonment in the County Jail for a term of not less than six months or more than one year." § 195.200, subd. 1(1) RSMo 1969, V.A.M.S., Amended L. 1971.

■ In the circumstances revealed by the transcript, it cannot be said there was a consent trial to the matters now raised by the third point in movant's brief. At the evidentiary hearing the state objected to movant's efforts to introduce the presentence report. Movant's counsel (concurred in by movant himself) argued that "point [b] in his motion has to do with the matter of probation and has to do with the fact that he was not afforded a hearing on the question of probation and the matter of his being able to offer some explanation or correction about the matters contained in the Probation Report." To this the trial court replied: "The record . . . and all of the . . . credible evidence indicates that the Probation request was withdrawn. And Sub-Paragraph 8–B alleges very definitely . . . that Movant's guilty plea . . . was involuntarily made in that the trial court failed to develop from the Movant that there was a factual basis for such plea which . . . mean(s) that I failed to question him concerning the facts . . . necessary to find him guilty of possession of L.S.D. [Movant] admits that those questions were asked him concerning the possession of L.S.D. and he has admitted that he answered them in that manner. I don't see anything in this Motion or anything in the evidence that has anything to do with the Probation Report. So the objection will be sustained." Having seasonably objected to evidence bearing upon movant's third point on appeal, the state cannot be said to have tried that issue either expressly or impliedly, and with movant at no time seeking leave to amend his Rule 27.26 motion as he might have done, movant's third point was not properly before the court nisi and is not properly for review here. Securities Investment Company v. Hicks, 444 S.W.2d 6, 8–9[5, 6] (Mo.App.1969).

■ And to conclude all consideration of point III, it is not sustainable in part simply because it is not true. Movant's lawyer, as he testified, did, in fact, read the probation report prior to sentencing. Also, no evidence was adduced or offered that lack of an explanation by movant of the contents of the report worked any prejudice to him or deprived him of due process of the law. Movant's conclusions to the contrary cannot be sustained upon a bare assertion thereof in his brief [Hendrix v. State, 495 S.W.2d 457, 460 (Mo. App.1973) ], and we cannot say a trial court clearly erred upon an issue which wholly lacked evidentiary support. Ward v. State, 451 S.W.2d 79, 81[2] (Mo.1970).

The judgment is affirmed.

All concur.