

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, | ) ) ) | WD77113 |
| Respondent, | ) ) | OPINION FILED: |
| v. | ) ) | October 21, 2014 |
| KATHERINE A. COX, ET AL., | ) ) | |
| Appellants. | ) ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
**Honorable Janet Lodwick Sutton, Judge**

**Before Division Three:  Gary D. Witt, P.J.,**
**Joseph M. Ellis, and Thomas H. Newton, JJ.**

Ms. Katherine A. Cox appeals the summary judgment entered in favor of Old Republic National Title Insurance Company (Old Republic).  We reverse.

### Factual and Procedural Background

Mr. Dennis Cox and Ms. Cox defaulted on a loan that refinanced their house.  *US Bank Nat'l Ass'n v. Cox*, 341 S.W.3d 846, 849 (Mo. App. W.D. 2011).  Ms. Cox had solely executed a promissory note of $261,000, secured by a deed of trust bearing the Coxes' signatures.  *Id.* at 848.  The property identified in the deed of trust mistakenly referred to an adjacent tract of land.  *Id.* at 849.  US Bank, the holder of the promissory note and deed of trust, filed an amended petition that requested a reformation of the deed

of trust to correctly describe the Coxes' property. *Id.* Additionally, the petition requested an award of the amount of the promissory note, under an unjust enrichment theory. *Id.* The Coxes counterclaimed, seeking a declaratory judgment that the deed of trust was void and a legal nullity. *Id.*

After a bench trial, the trial court denied US Bank's petition and found in the Coxes' favor. *Id.* at 850. US Bank appealed and then assigned the promissory note and deed of trust to its title insurance company. *Id.* The Coxes filed a motion to dismiss the appeal based on the assignment. *Id.* This court acknowledged the assignment, but denied the motion to dismiss. *Id.* at 851. We affirmed the trial court's judgment. *Id.* at 857. Specifically, we held that substantial evidence supported the trial court's finding that Mr. Cox's signature was a forgery and its conclusion of law that the deed of trust was thereby nullified. *Id.* at 856. We also held that the law supported the trial court's denial of the unjust enrichment claim against the Coxes because the evidence showed that the original lender received what it had "bargained for," which was a promise of repayment from Ms. Cox, whose genuine signature was on the promissory note. *Id.* at 853.

Old Republic, a title insurance company and the endorsee of the note, then sued Ms. Cox for damages to collect the balance owed on the promissory note. Ms. Cox filed an answer, denying the allegations relating to the assignments of the note and asserting *res judicata* and collateral estoppel as affirmative defenses. She argued that Old Republic, the assignee of US Bank, should not be allowed to split its cause of action against her. Old Republic filed a motion for summary judgment on its claim and on Ms.

2

Cox's affirmative defenses. Ms. Cox filed a response. The trial court granted summary judgment in Old Republic's favor. Ms. Cox appeals.

## Standard of Review

Our review of a trial court's decision to grant summary judgment is *de novo*. *Mobley v. Baker*, 72 S.W.3d 251, 256 (Mo. App. W.D. 2002). In determining the propriety of the summary judgment, we use the same criteria the trial court used in determining whether to grant summary judgment. *Id.* The moving party must show that no genuine dispute exists as to the material facts and that the undisputed facts entitle it to judgment as a matter of law. *Id.* We view the record and any accompanying reasonable inferences in the light most favorable to the non-movant. *Id.*

## Legal Analysis

Ms. Cox raises two points. In the first point, she argues that the trial court erred in entering summary judgment because Old Republic did not establish that it was entitled to judgment as a matter of law. Specifically, she argues that the trial court should not have considered the evidence Old Republic proffered to support its allegations that it was the holder of the note through various assignments because she denied those allegations in her answer and the documents purporting assignments were neither attested to nor supported by affidavit. We note that this argument was not raised with the trial court.

To make a *prima facie* case for summary judgment, a plaintiff must show that the material facts needed to prove its claim are not in genuine dispute. *Wilkes v. St. Paul Fire & Marine Ins. Co.*, 92 S.W.3d 116, 120 (Mo. App. E.D. 2002). A plaintiff must also

show that any affirmative defense properly pleaded by a defendant fails as a matter of law. *Id.* Once a *prima facie* case is made, the non-movant must show that material facts are in genuine dispute or its affirmative defense does not fail as a matter of law. *See id.* Under Rule 74.04(c)(2),[1] a non-movant demonstrates a genuine issue of material fact by denying the allegation and making specific references to attached documents or affidavits showing a genuine issue of material fact. Failure to follow the rule as to each allegation results in that fact being admitted as true. *Id.*

In a suit on a note, the plaintiff must show: "(1) . . . the note (2) signed by the maker and (3) . . . the balance due." *Fed. Nat. Mortg. Ass'n v. Bostwick*, 414 S.W.3d 521, 526 (Mo. App. W.D. 2013) (internal quotation marks and citation omitted); *see also Sverdrup Corp. v. Politis*, 888 S.W.2d 753, 755 (Mo. App. E.D. 1994) (citing § 400.3–308(b)). Ms. Cox does not dispute the facts supporting these elements in arguing that Old Republic should not prevail on its claim as a matter of law. Instead, she argues that Old Republic failed to show there is no genuine dispute as to its ownership of the note. Ms. Cox claims that because she denied the allegations relating to the various assignments that resulted in Old Republic as the current holder, the ownership of the note was placed in dispute and required Old Republic to present substantial evidence to establish the "genuineness of the endorsement." She claims that the assignment documents that Old Republic relied on to support its allegation of ownership would not be admissible at trial because they constituted inadmissible hearsay. She further claims

---

[1] Rule references are to Missouri Court Rules 2012.

4

that Old Republic failed to provide an affidavit attesting to the assignments, and that such failure in proof defeats the *prima facie* case for the claim.

"In order to recover an amount owed to some other party, the plaintiff is required to prove the assignment of the account to show that is the rightful owner of the debt. When there are multiple assignments, each assignment must be proven valid." *Fed. Nat. Mortg. Ass'n*, 414 S.W.3d at 525 (citing *CACH, LLC v. Askew*, 358 S.W.3d 58, 61-62 (Mo. banc 2012)). Ms. Cox is correct that precedent holds that a defendant's general denial of an endorsement places ownership of a note and the validity of the assignments at issue. *See, e.g.*, *Sec. Inv. Co. v. Hicks*, 444 S.W.2d 6, 9 (Mo. App. 1969). However, this precedent may no longer be applicable to negotiable instruments after Missouri's adoption of the Uniform Commercial Code (UCC). *See id.* at 8 (stating that the recently enacted UCC was not applicable to the case because the transaction occurred before its effective date). The UCC states that "'ownership' of a note is not required in order to enforce it." *Fed. Nat. Mortg. Ass'n v. Conover*, 428 S.W.3d 661, 669 (Mo. App. W.D. 2014); *see also* § 400.3-301.[2] The UCC also states that all signatures on a promissory note and the attached documents are presumed valid "unless specifically denied in the pleadings." § 400.3-308; *see also* § 400.3-204.[3] Under the UCC, Ms. Cox's general denial did not place the endorsements in question such that no genuine dispute as to ownership existed.

---

[2] Statutory references are to RSMo 2000 and the Cumulative Supplement 2012.

[3] Section 400.3-304, in relevant part, states that "[f]or the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument."

Additionally, it appears that the precedent relied on by Ms. Cox has been superseded by the promulgation of Rule 55.23 in 1973. Rule 55.23 states, "When any claim . . . is founded upon a written instrument and . . . a copy attached thereto as an exhibit, the execution of such instrument shall be deemed confessed unless the party charged to have executed the same shall specifically deny the execution thereof." Applying this rule to a summary judgment proceeding, our supreme court has declared that a "defendant must clearly state its position if an issue of authenticity of a document attached to the petition is intended to be raised. . . . . [It] cannot be challenged by way of response to a properly supported summary judgment motion." *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 389 (Mo. banc 1993). Old Republic's petition had the promissory note attached to it, and Ms. Cox failed to deny the veracity of the assignments with specific language questioning the authenticity of the endorsements. So Ms. Cox's general denial was insufficient under Rule 55.23.

Moreover, Ms. Cox's general denial did not comply with Rule 74.04(c)(2) in her response to Old Republic's motion for summary judgment. In its motion for summary judgment, Old Republic alleged as an uncontroverted fact that it was the current holder of the promissory note. It referenced the assignments of the promissory note and the deed of trust between the original lender and US Bank, and between it and US Bank. Old Republic also referenced a signed affidavit from its Vice President and Claims Counsel, stating that Old Republic gained ownership of the note and deed through those assignments. Ms. Cox wrote, "Denied," for each allegation and simply referenced the documents that Old Republic attached as exhibits in support of its claim. Ms. Cox's

6

failure to deny the allegations and reference a document showing a genuine dispute results in her admission of these assignments. *See* Rule 74.04(c)(2).

Finally, Ms. Cox's argument is meritless because Old Republic did provide an affidavit stating that Old Republic became the holder of the note through assignments from the original lender. Ms. Cox cited to the affidavit in support of her denial. As Old Republic asserts, section 490.510[4] allows statements of an assignment within an affidavit to serve as *prima facie* evidence of that assignment. It is also meritless because this court in 2011 recognized US Bank's assignment to its title insurance company, which presumably is Old Republic, after the Coxes sought a dismissal of the appeal of the prior litigation based on that assignment. *See US Bank*, 341 S.W.3d at 850. Ms. Cox's first point is denied.

In the second point, Ms. Cox argues that the trial court erred in entering summary judgment because Old Republic failed to show that her affirmative defenses of *res judicata* and collateral estoppel failed as a matter of law. Specifically, she argues: that the uncontroverted facts established that Old Republic's claim for payment arose out of the prior action brought by US Bank, its predecessor; that the subject matter and evidence in the prior action were the same; and that the issues were determined against US Bank and in the Coxes' favor.

Although Old Republic pleaded undisputed facts establishing the elements of its claim, that did not establish a *prima facie* case. *Mobley*, 72 S.W.3d at 257. "The key to

---

[4] Section 490.510 states that "[w]henever it becomes necessary in any suit to prove an assignment of or an endorsement on any bond, bill or note, an affidavit of a competent witness, proving the same, shall be received as prima facie evidence of the facts stated in such affidavit."

summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 380. "[W]here the defendant has raised an affirmative defense, a claimant's right to judgment depends just as much on the *non-viability* of that affirmative defense as it does on the *viability* of the claimant's claim." *Id.* at 381. Old Republic prevails on its motion for summary judgment by showing, as to each affirmative defense sufficiently raised, that Ms. Cox lacked one of the necessary facts to support the defense. *See id.*

Ms. Cox alleged in her answer that Old Republic's claim was barred by the legal doctrines of *res judicata*[5] and collateral estoppel.[6] She further alleged that the prior litigation brought by Old Republic's assignor, US Bank, sought to recover judgment against her and that US Bank adduced evidence "which would be identical to that evidence which [Old Republic] would present at any trial or hearing on [the] petition." She argued that allowing the suit on note "would be an improper splitting of [Old Republic]'s cause of action and should be prohibited."

---

[5] The necessary facts needed to show *res judicata* are: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality of the person for or against whom the claim is made." *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991).

[6] "That theory means that when an issue of ultimate fact has been determined by a valid judgment, it may not again be litigated between the same parties." *King Gen. Contractors, Inc.*, 821 S.W.2d at 500. The necessary facts needed to show collateral estoppel are:

> (1) . .the issue is identical to the issue decided in the prior adjudication; (2). . . the prior adjudication resulted in a judgment on the merits; (3) . . . the party against whom collateral estoppel is asserted was a party, or was in privity with a party, to the prior adjudication; and (4) . . . the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior adjudication.

*Wilkes v. St. Paul Fire & Marine Ins. Co.*, 92 S.W.3d 116, 120 (Mo. App. E.D. 2002).

As shown above, Ms. Cox's answer did not plead the necessary facts to show *res judicata* or collateral estoppel. When an affirmative defense is insufficiently pleaded as a matter of law, the moving party "is not required to negate it in order to make a *prima facie* case for summary judgment." *Mobley*, 72 S.W.3d at 258. Thus, Old Republic was not required to show that these affirmative defenses failed as a matter of law. However, Ms. Cox did plead allegations sufficient to allege the rule against splitting a cause of action, which is what she argued in her memorandum opposing the motion for summary judgment.

She also erroneously argues on appeal that her affirmative defenses of collateral estoppel and *res judicata* were not shown to be defeated as a matter of law. Because splitting a cause of action is a form of *res judicata*,[7] we will read the point to challenge the viability of an affirmative defense of splitting a cause of action.

In its motion for summary judgment, Old Republic sought to defeat this defense with the allegations that the prior action did not contain a claim as to the validity of the note, the enforceability of the note, or Ms. Cox's liability on the note and that the trial court did not make related findings. Ms. Cox denied those allegations, citing to the amended petition. The amended petition shows a request for a reformation of the deed of trust and an unjust enrichment claim seeking $261,000. The unjust enrichment claim alleged:

> 22. Plaintiff restates and incorporates by reference paragraphs 1 through 16 above.

---

[7]"*Res judicata*, or its modern term, claim preclusion, prohibits 'splitting' a claim or cause of action." *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002).

9

23. Defendants Cox received benefits from the Refinance.

24. Defendants Cox retained the benefits from the Refinance and have neither repaid them nor tendered payments when due.

25. If the Deed of Trust should be adjudicated as invalid, Defendants Cox will be unjustly enriched in the amount of $261,000.00 as a result of the benefits conferred from the Refinance.

WHEREFORE, Plaintiff prays for judgment against Dennis and Katherine Cox in the amount of $261,000.00, for continuing interest at the statutory rate, for its costs and expenses incurred herein, and for such relief as the Court deems just.

The amended petition does not show a request for relief based on the note. Because Ms. Cox only generally denied Old Republic's allegations, she failed to show a genuine dispute with these allegations. Ms. Cox's failure to comply with this rule results in her admission of these allegations under Rule 74.04(c). The question then becomes whether these allegations defeat her defense of splitting a cause of action. We do not think so.

The rule against "splitting a cause of action . . . [is] designed to prevent a multiplicity of lawsuits." *King Gen. Contractors, Inc.*, 821 S.W.2d at 501 (internal quotation marks and citation omitted). "A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the merits in the first suit is a bar to a second suit." *Id.* (internal quotation marks and citation omitted). The necessary facts needed to defeat a defense of splitting a cause of action are: "(1) . . . separate actions brought arise out of the same act, contract or transaction; (2) or . . . the parties, subject matter and evidence necessary to sustain the claim are [not] the same in both actions." *Id.* (internal quotation marks and citation omitted). "'[T]ransaction' . . . . has been defined as the aggregate of all the circumstances [that]

10

constitute the foundation for a claim[,] includ[ing] all of the facts and circumstances out of which an injury arose." *Id.* (internal quotation marks and citation omitted).

A plaintiff does not violate the rule if it "bring[s] separate ***and distinct*** causes of action separately, even if they arise out of the same transaction." *Shores v. Express Lending Servs., Inc*., 998 S.W.2d 122, 127-28 (Mo. App. E.D. 1999) (emphasis added); *see also Collins v. Burg*, 996 S.W.2d 512, 517 (Mo. App. E.D. 1999) (finding the rule was not violated after a plaintiff filed a subsequent trespass action against the same defendant after having previously filed an intentional and/or negligent infliction of emotional distress claim because the demand to vacate the premises needed to substantiate the claim occurred after the first suit). "Further, the prohibition against splitting a cause of action does not apply where the parties are different." *Shores*, 998 S.W.2d at 128 (finding reversible error in finding a split cause of action because although plaintiff's current action arose from the same chain of events, it constituted a separate action against a different party).

"To determine whether [a party] asserts the same claims in both cases, a court looks to the factual bases for the claims, not the legal theories." *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 319 (Mo. banc 2002). "Separate legal theories are not to be considered as separate claims, even if the several legal theories depend on different shadings of the facts, would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief." *King Gen. Contractors, Inc.*, 821 S.W.2d at 501 (internal quotation marks and citation omitted).

In the prior litigation, US Bank did seek a judgment from the court in its unjust enrichment claim requiring the Coxes to pay $261,000. However, the bases for the request were that the Coxes had received that amount to refinance their home and that they had promised to repay that amount under the deed of trust. Giving legal effect to the deed of trust, along with holding both Mr. and Ms. Cox liable for the debt, were US Bank's concerns. The suit on note arises from this same refinance transaction. In fact, the claim to foreclose the deed of trust required a default on the note, as the deed of trust served as security for the note. In 2011, this court wondered why US Bank failed to seek recovery from Ms. Cox alone on the promissory note. *US Bank*, 341 S.W.3d at 853 n.7. We also stated that a collection of the promissory note was an "unrelated inquiry" to the enforceability of the deed of the trust. *Id.* at 853. That is not to say, however, that enforcement of the deed of trust could have been pursued without a default on the note. In fact, without a default on the note, US Bank would have had no ability to assert a claim for unjust enrichment or to pursue enforcement of the deed of trust.

The unjust enrichment claim from the prior litigation thus sought the same remedy as suit on the note could have sought—collection of the debt. The deed of trust secured the note, which was referenced within the deed as evidence of the loan. As stated above, the refinance loan and the resulting default on the note are the factual bases for both legal theories US Bank elected to pursue. It is undisputed that, in the prior litigation, US Bank: alleged that Mr. Cox and Ms. Cox failed to make payments due under the terms of the note and deed of trust; presented testimony concerning the balance currently owed; and presented evidence that Ms. Cox had not made payments since the filing of the suit in

12

March 2008.  The same evidence would be presented in the suit on the note, albeit shading facts in a different manner, with a focus on different elements.  Because the same evidence would be presented, there is no question but that US Bank would be barred to assert a claim on the note having failed to do so in its litigation.  *See King Gen. Contractors, Inc.*, 821 S.W.2d at 501.  Though the physical note was transferred to Old Republic after a defect in title was discovered,[8] it is uncontested that the note was in default when it was assigned to Old Republic, rendering Old Republic a mere holder, and not a holder in due course, of the note.  *See* section 400.3-302(a) (defining a "holder in due course" as a holder who takes an instrument "without notice that the instrument is overdue," among other things).  Old Republic is thus subject to Ms. Cox's personal defenses to payment, which include that US Bank was required to pursue collection of the note, if at all, in its lawsuit.  *See Gibson v. Harl*, 857 S.W.2d 260, 267, 273-74 (Mo. App. W.D. 1993) (finding the transferee of a nonnegotiable instrument takes it subject to all defenses that a maker may have against the transferor, and acquires no rights superior to those held by the transferor).

Old Republic's contention that there exists two separate actions focuses on the additional evidence that would be presented at a trial on the suit on note, which was not presented at the prior trial.  Specifically, Old Republic claims that the required element of demand had not been made until after the first lawsuit.[9]  Old Republic relies on *Collins*,

---

[8] This discovery may have triggered US Bank to make a claim on its title policy.

[9] This is partially true because the written demand is dated February 2, 2009.  The first petition was filed in 2008, which is before the date of the written demand.  However, the petition was amended in April 2009, which is after the date of the written demand.

996 S.W.2d at 517. In *Collins,* the trial court found that a plaintiff's trespass claim was barred because she had previously brought a suit to judgment against the same defendant for negligent and/or intentional emotional distress. The *Collins* court reversed the decision because the claim of trespass did not exist until after a demand to vacate was made and the demand occurred after the previous suit was filed. *Id.* at 517.

Here, it is arguable whether a demand had to be shown in order to bring a suit on note. As stated earlier, section 400.3-308(b) requires a showing of a balance without mentioning a demand. In *Mobley*, we listed demand for payment as an element of a suit on note, but only in the context of showing the maker was in default. 72 S.W.3d at 257 (stating the elements of a suit on note to include: "(1) there exists a valid promissory note signed by the maker; (2) there remains a balance due on the note; and (3) demand on the maker for payment has been made and refused, leaving the maker in default."). The Missouri Approved Jury Instructions for actions on mature debt require that the jury find that a defendant either "refused" or "failed" to pay the sum. MAI § 26.04 (2012). Thus, a default on the note is seemingly the necessary element, and not a demand, to bring a suit on the note. In fact, the requirement of a demand is generally to establish a claim to the accrual of interest on the balance due. *See Watters v. Travel Guard Int'l*, 136 S.W.3d 100, 111 (Mo. App. E.D. 2004) (citing section 408.020 that states the rate of interest, when there is no agreed upon percentage, begins to accrue on a balance after a demand to pay has been made).

Notwithstanding, the lack of evidence at a prior trial is of little importance when it does not constitute a "new ultimate fact[] . . . that form[s] the basis of a new claim for

relief." *See Chesterfield*, 64 S.W.3d at 320. "Claim preclusion prevents reassertion of the same claim even though additional or different evidence or legal theories might be advanced to support it." *Id.* (internal quotation marks and citation omitted) (finding that plaintiff split its cause of action by bringing a claim for damages for a city's refusal to rezone after prevailing in a prior litigation against the city, based on the same operative facts). Evidence had already been presented about Ms. Cox's default on the note. The additional fact of the demand to pay on the note is of no consequence.

Accordingly, Old Republic did not negate the defense of splitting a cause of action as a matter of law, despite Ms. Cox's deemed admissions. Old Republic's claim merged into the first judgment and is precluded. Ms. Cox's second point is granted.

### Conclusion

For the above reasons, we reverse.

/s/THOMAS H. NEWTON___
Thomas H. Newton, Judge

Witt, P.J., and Ellis, J. concur.

15