Frank ROTH III, Plaintiff/Respondent,

v.

David ROTH, Defendant/Appellant.

No. ED 85622.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 22, 2005.

trial court for determination of un-adjudicated contested factual issues are denied as moot.

Lee R. Elliott, Troy, MO, for appellant.

James D. Burlison, Bowling Green, MO, for respondent.

MARY K. HOFF, Presiding Judge.

David Roth (Defendant) appeals the trial court's judgment after a jury verdict found him liable to Frank Roth III (Plaintiff) for payment of $20,000 on a promissory note. We reverse and remand to the trial court for a new trial.[1]

## Facts

On May 11, 1992, Plaintiff and Defendant entered into a promissory note whereby Defendant agreed to pay Plaintiff $27,859.56 plus interest at the rate of 7.5 percent per annum. The amount was secured by Defendant's grant of a lien to Plaintiff on certain vehicles, equipment, machinery, tools, and inventory belonging to Defendant's excavation company.

The note provided that if Defendant defaulted "in the payment of any of said monthly installments when due," Plaintiff was entitled to exercise an option in his favor and to declare the entire debt due and payable with Defendant being responsible for all costs of collection and reasonable attorney's fees. Significantly, the note did not provide for the amount of the monthly installments, the date when the monthly installments were to begin, the dates when the monthly installments were due, the maturation date of the note, or any reason for its creation.

In May 2002, Plaintiff filed a petition to recover from Defendant $51,482.85 based on the note. The amount was for the principal allegedly remaining on the note after all credits were applied, including a payment of $5000 Defendant made on or about October 19, 1999, plus interest in the

amount of $28,623.29, which had accumulated since the note was created. In August 2002, Plaintiff filed his First Amended Petition on the note and further alleged that he had made a demand for payment of the balance of the note on October 19, 1999.

Defendant subsequently filed his Answer and Affirmative Defenses to Plaintiff's First Amended Petition (answer pleading). Defendant presented the following affirmative defenses:

4. The note was without consideration, and was signed under duress and coercion, without [Defendant's] being allowed to read it, and was created for fraudulent purposes;

5. [Plaintiff] has had, until recently, the full use of and access to all [Defendant's] equipment, maintained and repaired by [Defendant] at his own expense, saving [Plaintiff] money and earning him income, unjustly enriching him at the expense of [Defendant], entitling [Defendant] of [sic] credits and offsets of the reasonable value of $50,000, plus credit for any interest calculation from the dates thereof;

6. [Plaintiff] has intercepted and kept monies due and owing [Defendant] on several occasions, and has not given [Defendant] credit therefore in the approximate value of $4,500.00, to which credit [Defendant] is rightfully due, plus a credit for any interest calculation from the dates thereof.

Plaintiff filed a reply in which he specifically denied Defendant's affirmative defenses. The parties subsequently engaged in two years of discovery.

---

1. In light of our disposition of this case, Defendant's Motion for Reversal and Remand is denied as moot.

On September 27, 2004, the case went to trial before a jury. Immediately prior to the start of trial, Plaintiff filed a motion in limine (Plaintiff's motion) in four parts.[2] Two parts of Plaintiff's motion attacked the sufficiency of Defendant's answer pleading and requested the trial court to preclude Defendant from presenting evidence concerning his affirmative defenses described in paragraphs 4, 5, and 6 of the answer pleading because the alleged defenses were conclusory statements and did not contain a short and plain statement of the facts showing Defendant was entitled to relief. The first part of Plaintiff's motion related to paragraph 4 of Defendant's answer pleading, which concerned whether the note was void. The second part of Plaintiff's motion related to paragraphs 5 and 6 of Defendant's answer pleading, which concerned whether Defendant was entitled to credits and set-offs. The second part also specifically argued that paragraphs 5 and 6 "set forth unrelated claims," which were not affirmative defenses and could not be considered counterclaims because the answer pleading lacked a short and plain statement as to the facts of those counterclaims.

In chambers, Defendant argued that he should be allowed to go forward with his affirmative defenses because Plaintiff never objected to the sufficiency of Defendant's answer pleading or asked for an amended answer pleading even though extensive discovery had taken place between the time the answer pleading was filed and the date of trial. Defendant requested that the trial court grant him leave to file an amended answer pleading that would set forth facts to which Defendant would be bound at trial. The trial court did not respond to the request, denied the first

part of Plaintiff's motion related to Defendant's affirmative defense concerning whether the note was void, and granted the second part of Plaintiff's motion related to Defendant's affirmative defense concerning credits and set-offs. The trial court did not elaborate on its reasoning for the rulings on Plaintiff's motion.

At trial, Defendant attempted to introduce evidence related to his affirmative defense concerning credits and set-offs by cross-examining Plaintiff about his use of Defendant's property, which was secured by the promissory note. Plaintiff objected on the basis that the line of questioning violated the trial court's ruling on Plaintiff's motion. Out of the jury's hearing, Defendant made an offer of proof as to the relevancy of the evidence concerning Plaintiff's use of Defendant's property secured by the note, claiming that such use entitled Defendant to credits and set-offs. The trial court sustained Plaintiff's objection and granted Defendant a continuing objection to its ruling on Plaintiff's motion.

Defendant made a motion for a directed verdict at the close of Plaintiff's evidence and again at the close of all evidence. The trial court denied both motions. The jury later returned an 11-to-1 verdict in favor of Plaintiff and finding Defendant liable on the promissory note in the amount of $20,000.

Defendant subsequently filed his motion for new trial in which he preserved his objection to the trial court's ruling on Plaintiff's motion. The trial court called, heard, and denied the motion. This appeal follows.

*Discussion*

Defendant presents two points on appeal; however, because Defendant's sec-

---

**2.** According to the parties' briefs and the record, the first, third, and fourth parts of Plain- tiff's motion are not at issue in this appeal.

ond point requires us to reverse and remand the case for a new trial, we find it unnecessary to address Defendant's first point.[3]

In his second point, Defendant argues that the trial court erred in sustaining the second part of Plaintiff's motion related to Defendant's affirmative defenses for credits and set-offs as described in paragraphs 5 and 6 of his answer pleading. Defendant specifically argues that his answer pleading was sufficient because it contained enough specific factual allegations to notify Plaintiff of Defendant's affirmative defenses, and Plaintiff failed to request a more definite statement pursuant to Rule 55.27(d). In his response brief, Plaintiff concedes that "Defendant should have been allowed to go forward in some manner with his affirmative defenses disallowed by the [trial court]."

"An affirmative defense seeks to defeat or avoid the plaintiff's cause of action, and avers that even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged." *Mobley v. Baker*, 72 S.W.3d 251, 258 (Mo. App. W.D.2002). A defendant must plead his affirmative defenses in his answer to the suit or they will be deemed waived. *Id.*

Rule 55.08 (2004) provides in pertinent part:

A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court may treat the pleadings as if there had been a proper designation.

The purpose of Rule 55.08 is to require a defendant raising an affirmative defense to plead the defense so as to give the plaintiff notice of it. *Bailey v. Cameron Mutual Ins. Co.*, 122 S.W.3d 599, 604 (Mo.App. E.D.2003). When determining the sufficiency of the allegations setting forth a defendant's affirmative defense, we may look to the responsive pleadings as a whole. *Mobley*, 72 S.W.3d at 258.

In paragraph 5 of his answer pleading, Defendant plainly stated that he was entitled to credits and set-offs in return for the reasonable value of Plaintiff's use of and access to the property secured by the note. Defendant alleged the credits and set-offs were equal to $50,000. This short and plain statement of facts clearly conveys that Defendant intended to raise an affirmative defense concerning credits and set-offs. Moreover, in light of the fact that the trial court allowed Defendant's affirmative defenses as stated in paragraph 4 of the answer pleading to go forward and the fact that those affirmative defenses were pled in the same manner and in the same answer pleading as paragraphs 5 and 6, Plaintiff had sufficient notice of all of Defendant's affirmative defenses such that Plaintiff could prepare for trial. While a motion in limine is normally used to exclude evidence in a jury trial that would be unfairly prejudicial or inflammatory, it should not be employed to choke off a

---

3. Defendant's first point claims the trial court erred in failing to grant a mistrial after Plaintiff's attorney posed a particular question to Plaintiff during his testimony at trial. We do not anticipate that the question to which Defendant refers will be asked on retrial because the record reveals that, when the question was asked, Defendant objected, the trial court sustained the objection, ordered the question to be stricken, and instructed the jury to disregard it.

party's entire claim or defense. *Cass Bank & Trust Co. v. Mestman,* 888 S.W.2d 400, 404 (Mo.App. E.D.1994).

*Conclusion*

Thus, because Defendant's answer pleading sufficiently described all of his affirmative defenses, we find the trial court erred in granting the part of Plaintiff's motion related to Defendant's affirmative defenses concerning credits and set-offs. Defendant's second point is granted.

The trial court's judgment is reversed and remanded for a new trial.

CLIFFORD H. AHRENS, Judge and PATRICIA L. COHEN, Judge, concur.