

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| **VINCENT BURTON,** | ) |
| | ) |
| **Appellant,** | ) |
| | ) **WD76513** |
| **v.** | ) |
| | ) **OPINION FILED:** |
| | ) **April 8, 2014** |
| **SS AUTO INC.,** | ) |
| | ) |
| **Respondent.** | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Richard T. Standridge, Judge**

**Before Division I:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

Vincent Burton ("Burton") appeals the judgment of the Circuit Court of Jackson County,

Missouri ("trial court"), following a bench trial, in favor of SS Auto Inc. We reverse the

judgment of the trial court and remand for further proceedings consistent with this opinion.

### Factual and Procedural Background[1]

On July 19, 2012, Burton purchased a 2003 Sable vehicle for $2,499 from SS Auto Inc., a

used automobile dealership ("the dealership"). On the date of purchase, Burton paid $2,000 in

cash and executed a promissory note in favor of the dealership for the balance. After being

---

[1] We view the evidence in the light most favorable to the trial court's judgment. *Thomas v. Moore*, 410
S.W.3d 748, 751 n.1 (Mo. App. W.D. 2013).

advised by the dealership's sales person that the title to the 2003 Sable was not then in the dealership's possession, Burton signed a document, which acknowledged and stated as follows:

> I, Vincent Burton, am aware that SS Auto Inc. has to obtain this title from the bank and it may be *a couple of days* to get it. Upon SS Auto Inc. getting the title I would like to come get the title when it is in and I get a call. . . . By signing this I elect not to wait around for SS Auto to get the title.

(Emphasis added.) Burton then took delivery of the Sable on the date of purchase. After several days, the dealership did not call Burton to confirm that the title was available for pick up. After weeks and no such phone call, Burton appeared at the dealership, demanded the title, and was told that the person who handles the titles was gone to lunch. After more time went by with no phone call from the dealership, Burton again showed up at the dealership and demanded the title. This time, the sales person advised that he had the title, but there was a mileage discrepancy on the title. At no time did anyone from the dealership actually show Burton the title. There is no evidence from the trial that the dealership ever tendered the title to Burton. In fact, at trial, though the dealership introduced into evidence numerous exhibits, none was the title to the 2003 Sable. As such, even though this is a case about the statutory obligation of sellers of vehicles in this state to provide title to purchasers of vehicles in this state, the title is conspicuously absent from the record below and on appeal.

Burton kept the Sable for several months and made repairs to the Sable. Eventually, after never receiving the title to the 2003 Sable from the dealership, Burton returned the Sable to the dealership and asked for the return of the purchase price. The dealership refused, and Burton filed a petition to recover his purchase price, claiming that the dealership had violated section 301.210.[2] In the dealership's Answer, the dealership denied each and every allegation contained in every paragraph of Burton's Petition, even including those allegations that merely referenced

---

[2] Unless otherwise noted, all statutory references are to RSMo 2000 as supplemented.

the dealership's name, corporate status, principal business, and the existence of the bill of sale. Of more relevance, however, the dealership did not assert any affirmative defenses in its Answer nor in any subsequent motion to the trial court. After a bench trial, the trial court entered judgment in favor of the dealership. Burton appeals. Further facts and procedural history are referenced throughout the opinion where relevant to the discussion.

## Standard of Review

Our review of bench-tried cases is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Midland Prop. Partners, L.L.C. v. Watkins*, 416 S.W.3d 805, 814 (Mo. App. W.D. 2013). Therefore, we will affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We accept all evidence and inferences therefrom in the light most favorable to the trial court's judgment. *Id.* We defer to the factual findings of the trial court. *Id.* at 814-15. We review legal issues *de novo*. *O'Riley v. U.S. Bank, N.A.*, 412 S.W.3d 400, 405 (Mo. App. W.D. 2013).

## Analysis

Burton's single point on appeal is that the trial court erred in entering a judgment for the dealership because the trial court's judgment was based upon its erroneous declaration and application of the law to the undisputed facts relevant to the law of the case.

Burton sued the dealership for the return of the purchase price he paid for the Sable (and other damages) due to the dealership's failure to provide title upon his having purchased and taken delivery of the vehicle pursuant to section 301.210.4. That section provides:

> It shall be unlawful for any person to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless, *at the time of the delivery thereof*, there shall pass between the parties such certificates of ownership with an assignment thereof, as provided in this section, and the sale of any motor vehicle

3

or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void.

(Emphasis added.)

Section 301.210 is "designed to hamper traffic in stolen cars and to prevent fraud and deceit in the sale of used cars." *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 203-04 (Mo. App. W.D. 2013) (internal quotation omitted). As such, it has been referenced as "drastic, mandatory, and intended as a police regulation in the interest of the public welfare to prevent traffic in stolen automobiles, to aid in the apprehension of criminals, and to protect the innocent and guileless from the machinations of the wicked." *Shivers v. Carr*, 219 S.W.3d 301, 304 (Mo. App. S.D. 2007) (quoting *State v. Glenn*, 423 S.W.2d 770, 774 (Mo. 1968)). Strict compliance with section 301.210 is ordinarily required, and the responsibility is primarily placed upon the seller to deliver the title to the buyer. *Peel*, 408 S.W.3d at 203.

It is undisputed in this case that: Burton agreed to and did purchase the Sable for $2,499; he paid $2,000 cash for the Sable and executed a promissory note to the dealership for the balance; he took delivery of the Sable at the time of purchase; the dealership did not give Burton title to the Sable at the time of purchase. On these facts, Burton made a prima facie case for the dealership's alleged violation of section 301.210.

The dealership counters in its respondent's brief, on appeal, that promissory estoppel by way of acquiescence[3] should be applied against Burton because he signed a document stating that he understood the dealership did not have title in its possession at the time of the Sable's purchase, that Burton still wished to take possession of the vehicle, and that Burton agreed to receive title from the dealership within "a couple of days." The dealership cites *Rockwood Bank v. Camp*, 984 S.W.2d 868, 872 (Mo. App. E.D. 1999), which states, "Clearly the mandates of

---

[3] At oral argument, counsel for the dealership conceded that "promissory estoppel by way of acquiescence" is, in fact, an affirmative defense as contemplated by Rule 55.08.

Section 301.210(4) can be relaxed in the appropriate circumstances." We agree that, under appropriate factual circumstances, estoppel may be a valid affirmative defense to a claim that section 301.210 was violated. However, the trial court's judgment cannot be supported by this legal theory because the affirmative defense of estoppel or estoppel by acquiescence was never presented to the trial court.[4] Instead, this "affirmative defense" argument was improperly raised for the first time in the respondent's brief, in response to Burton's appeal.

Rule 55.08 requires that a party set forth "all applicable affirmative defenses," expressly including estoppel, in its answer. Estoppel was not raised in the dealership's answer to Burton's petition, nor was any other affirmative defense. Even when Burton filed a motion for summary judgment, the dealership did not assert an affirmative defense based upon estoppel. The dealership never filed its own dispositive motion attempting to assert any affirmative defenses. Even after the presentation of evidence, the dealership did not seek to have its pleadings amended to conform to the evidence, nor did the dealership ever argue an estoppel-based defense to the trial court. And this notwithstanding Rule 55.33(a), which gives the trial court broad discretion to allow amendment to pleadings, even after the evidence is presented, "when justice

---

[4] We note that even if the dealership had properly pleaded, moved for amendment of their pleadings at any time prior to final judgment below, or otherwise moved for judgment on the basis of the defense of estoppel or acquiescence, there does not appear to be substantial evidence in the record to support such a defense, of which the evidentiary burden of proof would have been upon the dealership. While Burton agreed to delay his receipt of title for "a few days," there is no evidence in the record that the dealership *ever* tendered title to Burton during the *months* that he possessed the Sable. The agreement required the dealership to call Burton when it obtained the title. There is no evidence that the dealership *ever* called Burton. Although Burton himself made several calls and visits to the dealership, and on a few of those occasions Burton was told that the dealership possessed the title, no one ever presented the title to Burton. On one occasion, the "person who handles titles for the dealership" was out and did not return while Burton waited; on another occasion, the title was not provided to Burton because the sales person noticed an alleged mileage discrepancy with the title. Although the dealership's cross-examination of Burton at trial attempted to elicit an admission that the title was tendered to him, Burton's answers *in the negative* could not serve as substantive evidence that the title was, in fact, tendered. "A party cannot sustain its burden of production by calling adverse or hostile witnesses, eliciting testimony that negates its [defense], and then arguing that the [fact-finder] could find for that party simply by disbelieving these witnesses. Mere disbelief of denials of facts which must be proved is not the equivalent of affirmative evidence in support of those facts." 1 CLIFFORD S. FISHMAN, JONES ON EVIDENCE § 3:33 (7th ed. 1992) (internal quotation marks omitted). Further, the dealership's owner testified at trial but never testified that the title was tendered to Burton. Finally, the title itself was *not* produced at trial and is conspicuously lacking from the record on appeal in this case.

so requires." Simply put, at no time before the trial court did the dealership ever assert the affirmative defense of estoppel or estoppel by acquiescence. At oral argument, counsel for the dealership conceded that he had failed to plead or otherwise seek amendment to his pleadings to assert any affirmative defenses at any time before the trial court.[5]

Despite the lenity of the rule permitting parties to amend their pleadings to assert affirmative defenses and the corresponding deferential review standard this court applies in bench-tried cases, it is clear that a defense *must be asserted* at trial in order to support a trial court's judgment. *Bateman v. Platte Cnty.*, 363 S.W.3d 39, 43 (Mo. banc 2012) ("A defense must be asserted specifically before the case is decided.").

Here, the salient facts of this case are not disputed. It is undisputed that, on July 19, 2012, Burton purchased the 2003 Sable from the dealership by paying the dealership $2,000 in cash and executing a promissory note in favor of the dealership for the balance;[6] it is undisputed

---

[5] Instead, counsel for the dealership suggested at oral argument that a general denial of plaintiff's petition was sufficient to inject affirmative defenses into the case. Clearly this is not the law.

> An affirmative defense seeks to defeat or avoid the plaintiff's cause of action, and avers that even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged. An affirmative defense must be pleaded in the answer to the suit; otherwise it is waived. In order to properly plead an affirmative defense, Rule 55.08 requires the pleading to "contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Because the purpose of Rule 55.08 is to provide notice to the plaintiff so the plaintiff can be prepared for trial on the issues, the facts supporting an affirmative defense must be pled in the same manner as required in alleging a claim such that mere conclusory allegations are insufficient.

*Mobley v. Baker*, 72 S.W.3d 251, 257-58 (Mo. App. W.D. 2002) (numerous internal citations omitted).

[6] In response to Burton's motion for summary judgment (and as similarly argued at trial), the dealership averred that Burton's promissory note did not constitute "payment" to the dealership and, accordingly, Burton had never paid "in full" for the vehicle and was not entitled to the title under the mandate of section 301.210. We disagree for a number of reasons. First, a promissory note itself constitutes consideration when tendered. *See Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 438 (Mo. App. W.D. 2010) ("'Consideration' . . . generally consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party."). In fact, at oral argument, the dealership concedes that the promissory note constitutes consideration and likewise concedes that Burton paid the full purchase price for the 2003 Sable. Second, section 301.210.1 itself expressly contemplates financing of part of the purchase price of the vehicle, requiring the seller to assign the title to the buyer "with a statement of all liens or encumbrances on such motor vehicle." Finally, this court has made clear that the title to a purchased vehicle must be supplied to the buyer at the time of purchase and delivery, even when most of the vehicle's purchase price is financed, and that failure to provide such title relieves

6

that Burton took possession of the Sable on that same date; it is undisputed that the dealership did not provide Burton title to the Sable on July 19, 2012, or a few days later, or a few weeks later, or a few months later, or, for that matter, ever. Thus, even reviewing these facts as favorably as we can for the prevailing party below, Burton undisputedly made a prima facie evidentiary showing at trial sufficient to establish the dealership's violation of section 301.210. And the dealership did not plead or otherwise submit an affirmative defense argument to the trial court for its noncompliance with section 301.210 (other than its non-meritorious argument that Burton never paid "in full" for the Sable because part of the "payment" was via promissory note). *See* n.6. Accordingly, judgment should have been entered in favor of Burton, not the dealership.

### Conclusion

Even reviewing the evidence in the light most favorable to the trial court's judgment, there is no legal or factual basis to support the trial court's judgment. We reverse the judgment of the trial court and, upon remand, direct the trial court to assess Burton's lawfully recoverable damages,[7] to enter judgment in favor of Burton in such amount as determined by the trial court, and to otherwise conform all further proceedings in a manner consistent with this opinion.

_____
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge, and
Karen King Mitchell, Judge, concur.

---

the buyer from his obligation to make further payments on the vehicle. *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 204 (Mo. App. W.D. 2013).

[7] Pending before this court is Burton's motion for attorney's fees as authorized by section 407.025, which we grant. Thus, upon remand, one of the items of damage that the trial court shall award to Burton is an award of attorney's fees representing the trial court's conclusion as to a reasonable fee based upon the amount of time Burton's attorney reasonably expended in the trial and appeal of this case.