The BANK OF HOUSTON,
Plaintiff-Respondent,

v.

ACTION LAND & CATTLE COMPA-
NY, INC., Defendant-Appellant.

No. SD 34694

Missouri Court of Appeals,
Southern District,
**Division One.**

Filed: June 23, 2017

ATTORNEY FOR APPELLANT—M.
SCOTT MONTGOMERY, Springfield,
MO.

ATTORNEY FOR RESPONDENT—JOSHUA D. BROWN, Mountain Grove, MO.

MARY W. SHEFFIELD, C.J.

Action Land and Cattle Company, Inc. ("Action Land") appeals from the trial court's entry of summary judgment for Bank of Houston ("Bank") on Bank's suit to enforce two promissory notes. Action Land claims the trial court erred in entering summary judgment for Bank because the contracts which created the promissory notes were illegal and unenforceable under Section 362.170, which sets the lending limits for financial institutions in Missouri, and Section 362.171, which criminalizes the actions of certain banking officials and employees who participate in making such loans.[1] Action Land's claim is without merit because Section 362.170 and Section 362.171 do not, as a matter of law, provide a defense to borrowers. We affirm the trial court's judgment.

### Factual and Procedural Background

Our statement of facts is drawn from the parties' summary judgment documents, viewed in the light most favorable to Action Land because Action Land was the non-moving party. *See Great Southern Bank v. Blue Chalk Const., LLC*, 497 S.W.3d 825, 827 (Mo. App. S.D. 2016).

In 2009, Action Land executed two promissory notes in favor of Bank, one for $500,050 and another for $800,050. These notes were signed by John Sutton ("Mr. Sutton") in his capacity as president of Action Land. Neither note was paid, and, on January 16, 2012, Bank sent Action Land a notice of default and acceleration for each note. Action Land continued to refuse payment.

On October 15, 2013, Bank sued Action Land seeking enforcement of the promissory notes. Action Land answered, denying the allegations in the petition and raising as an affirmative defense the argument that the promissory notes were "illegal and unenforceable because [Bank] exceeded the legal lending limits imposed by Missouri law."

■ Bank thereafter moved for summary judgment. In its statement of uncontroverted material fact, Bank included the facts regarding the execution and nonpayment of the notes as previously stated and supported those statements by providing the notes, the notices of default, and an affidavit made by Bank's president. In its response to Bank's motion for summary judgment, Action Land admitted Bank made two separate loans of $500,050 and $800,050 to Action Land. Action Land denied that it had failed to pay the notes, but the affidavit supporting that denial was not included in the record on appeal[2] and Action Land makes no argument on appeal that the notes have been repaid.

Action Land's response to Bank's motion for summary judgment also included several additional facts. Bank admitted it made additional loans totaling $600,000 to a company called Cheyenne Enterprises, Inc. ("Cheyenne"). Bank also admitted that its lending limit under Section 362.170 was

---

1. All references to Section 362.170 are to RSMo Cum. Supp. (2013). Unless otherwise indicated all remaining statutory references are to RSMo (2016).

2. "An exhibit omitted from the record on appeal may be treated by an appellate court either as immaterial to the issues presented or as supporting the judgment of the trial court."

*In re Jones*, 420 S.W.3d 605, 610 (Mo. App. S.D. 2013) (quoting *Christian Health Care of Springfield West Park, Inc. v. Little*, 145 S.W.3d 44, 51 (Mo. App. S.D. 2004)). Consequently, for purposes of our analysis, we infer the affidavit showed Action Land had not paid the amounts due under the notes.

$1,497,250. Bank denied, with appropriate references to exhibits and discovery, Action Land's assertion that Mr. Sutton was a principal of Cheyenne.

The trial court entered summary judgment for Bank. Action Land appeals.

## Discussion

In its sole point on appeal, Action Land claims "[t]he trial court erred in granting summary judgment to [Bank] because the contracts entered into between the parties are illegal and unenforceable, in that [Bank] committed a felony by violating RSMo § 362.171 by lending in excess of its limits." To support this claim, Action Land asserts the loans to itself and to Cheyenne had to be aggregated because Mr. Sutton was a principal of both enterprises. Action Land's argument is without merit because, even if Bank violated its lending limits (an issue we need not and do not decide), that fact would not release Action Land from its obligations under the notes.

Appellate review of a trial court's grant of summary judgment is *de novo*. *Great Southern Bank*, 497 S.W.3d at 828. "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* "Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law." *Mobley v. Baker*, 72 S.W.3d 251, 256 (Mo. App. W.D. 2002).

Under the circumstances of this case, since Bank was a claimant:

to make a *prima facie* case for summary judgment, he is required to state with particularity in his motion all the undisputed material facts necessary to estab-lish each and every element of his claim, referencing the pleadings, discovery· or affidavits that demonstrate the lack of a genuine issue as to those facts.

*Mobley*, 72 S.W.3d at 256. "The elements in an action on a promissory note are: the existence of a valid promissory note signed by the maker; a remaining balance due on the note; and a demand on the maker for payment [that] has been made and refused, leaving the maker in default." *Hamilton v. Massengale*, 481 S.W.3d 128, 131 n.4 (Mo. App. S.D. 2016).

Here, in its statement of uncontroverted material facts Bank stated, with appropriate references to the discovery and affidavits, that Action Land executed two promissory notes in Bank's favor, that demand for payment had been made, and that payment had not been made. In its response, Action Land admitted the loans had been made and the amounts of the loans Bank stated were accurate. Additionally, Action Land makes no argument on appeal that the notes have been repaid. The trial court did not err in finding Bank made a *prima facie* case to enforce the promissory notes.

That conclusion does not end the inquiry, however. "Where the non-movant has properly pleaded an affirmative defense, a movant's right to summary judgment depends just as much on the non-viability of that affirmative defense as it does on the viability of the movant's claim." *Mobley*, 72 S.W.3d at 257. Here, Action Land pleaded the notes were unenforceable because Bank committed a felony under Section 362.171 by exceeding its lending limits under Section 362.170. Thus, this Court must determine whether that alleged affirmative defense is viable. It is not.

Section 362.170 and Section 362.171 provide no defense for a borrower to repayment of a loan. Section 362.170 sets limits

on the amount banks can loan to any one person or organization. § 362.170.2(1). Section 362.171 makes it a felony for certain responsible parties to concur in making a loan "in excess of the amounts set out in section 362.170[.]" § 362.171. In construing a previous version of the lending limits statute, the Supreme Court of Missouri stated "a borrower from a bank cannot escape the payment of a loan on the ground that the bank had no legal right to make the loan." *Brown v. Stotts City Bank*, 327 Mo. 747, 38 S.W.2d 722, 725 (Mo. banc 1931). Nothing in the language of the statute indicates loans which violate the lending limits are unenforceable or void. §§ 362.170; 362.171. This lacuna is especially probative because when the legislature intended to make contracts void, it did so explicitly. *See, e.g.*, § 327.461 (providing that a contract by an unlicensed architect or engineer "shall be unenforceable"); § 390.372 (providing that an agreement which attempts to limit the liability of motor carrier transportation providers for loss or negligence "is void and unenforceable"); § 431.030 (providing that "[a]ll parts of any contract or agreement hereafter made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted, shall be null and void"). The legislature knows how to use the words void and unenforceable. It did not do so here. Section 362.170 and Section 362.171 create no defense to repayment of a loan.

Action Land makes three arguments to support its assertion to the contrary. None requires this Court to conclude that the combination of Section 362.170 with Section 362.171 provides a defense to borrowers.

First, Action Land relies on the general principle that an illegal contract is void. That principle applies where the object of the contract is against public policy. As in the cases Action Land cites, it usually applies where people have contracted to commit an inherently immoral act, as for example a contract to commit perjury. *See Burger v. Crocker*, 392 S.W.2d 640, 642 (Mo. App. 1965). Here, nothing about the object of the loans is against public policy. That a bank or its officers might be subject to penalties does not render a loan contract illegal and unenforceable.

Next, Action Land implies *Brown* is no longer good law because it applies the predecessor to Section 362.170. This argument is unpersuasive because the applicable language of the predecessor statute is essentially identical to the applicable language of the current statute. *Compare* § 5357.1, RSMo (1929), *with* § 362.170.2(1).

Finally, Action Land suggests this case is governed by Section 362.171 instead of Section 362.170. This assertion rests on a misunderstanding of Section 362.171. Section 362.171 by its plain terms applies to "[a]ny officer, director, agent, clerk or employee of any bank or trust company[.]" § 362.171. By its plain terms, it applies to individual actors, not banking institutions. Since this case is an action by a bank against a corporation and involves none of the persons listed in Section 362.171 as a party, Section 362.171 is simply not applicable to this case.

The trial court did not err in granting summary judgment to Bank because undisputed material facts supported each element of Bank's claims to enforce the promissory notes and because Action Land's alleged affirmative defense is not valid as the statutes it cites provide no defense to repayment of a loan. Action Land's sole point is denied.

## Decision

The trial court's judgment is affirmed.

JEFFREY W. BATES, P.J.—
CONCURS

DON E. BURRELL, J.—CONCURS