Joseph COSSEY, Nina Robeson, Next Friend of Dylan S. Robeson, and Alyssa E. Robeson, and Nina Robeson as Personal Representative of the Estate of John Steven Robeson, Appellants,

v.

AIR SYSTEMS INTERNATIONAL, INC., Defendant,

and

Fields Petroleum, Inc., Respondent,

T.R. Consulting, Inc., and Tony Rieck, Defendants.

No. ED 91219.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 20, 2009.

---

1. All rule references are to Mo. R.Crim. P.2006, unless otherwise indicated.

Joel A. Poole, St. Louis, MO, for appellants.

Kenneth L. Dement, Jr., Sikeston, MO, for defendant.

Daniel T. Rabbitt, Jr., St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### *Introduction*

Plaintiffs Joseph Cossey and Nina Robeson, as personal representative of the estate of John Robeson and next friend of Dylan Robeson and Alyssa Robeson, appeal the trial court's grant of summary judgment to Defendant Fields Petroleum on the grounds that the independent contractor exception precludes Defendant's liability. We reverse.

### *Factual and Procedural Background*

Joseph Cossey and John Robeson were employees of Tank Tech, Inc., an independent contractor hired by Defendant, a bulk petroleum storage facility, to repair and reline Defendant's 18,000 gallon gasoline storage tank. Pursuant to a contract between Tank Tech and Defendant, Defendant agreed to drain gasoline from its gasoline storage tank before Cossey and Robeson began their work. As Cossey and Robeson were working on the tank, an explosion occurred, seriously injuring Cossey and killing Robeson.

Plaintiffs sued Defendant for negligence seeking damages for Cossey's injuries and Robeson's death. Defendant filed a motion for summary judgment arguing, among other things, that Defendant did not owe Cossey and Robeson a duty of care because they worked for Tank Tech, an independent contractor. The trial court granted summary judgment in Defendant's favor. Plaintiffs appeal.

### *Standard of Review*

We review an entry of summary judgment de novo, and we need not defer to the trial court's ruling. *Jarrett v. Jones,* 258 S.W.3d 442, 444 (Mo. banc 2008). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to

summary judgment as a matter of law. Supreme Court Rule 74.04. On appeal, we review the summary judgment record in the light most favorable to the party against whom the judgment was entered, and we accord that party the benefit of all inferences which may reasonably be drawn from the record. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is frequently inappropriate in negligence cases. *Lumbermens Mutual Cas. Co. v. Thornton,* 92 S.W.3d 259, 263 (Mo.App. W.D.2002).

### Discussion

Plaintiffs assert that the trial court erred when it granted summary judgment on the grounds that, as a landowner, Defendant did not owe a duty of care to Cossey and Robeson, who were employees of Tank Tech, an independent contractor. In response, Defendant argues that the trial court properly analyzed Plaintiffs' claim as a premises liability theory of negligence and therefore did not err when it shifted the duty of care from Defendant to Cossey's and Robeson's employer, Tank Tech.

To prevail on an action for negligence, a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant breached that duty, and the defendant's breach proximately caused injury to the plaintiff. *Bowan v. Express Med. Transporters, Inc.,* 135 S.W.3d 452, 456 (Mo.App. E.D. 2004). It is well-settled that a "duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Cupp v. Nat'l R.R. Passenger Corp.,* 138 S.W.3d 766, 772 (Mo.App. E.D. 2004) (citation omitted).

The premises liability theory of negligence provides that a landowner owes an invitee the duty to use reasonable and ordinary care to prevent injury to the invitee as the result of a dangerous condition existing on the premises. *Griffith v. Dominic,* 254 S.W.3d 195, 198 (Mo.App. S.D. 2008). Under the independent contractor exception to premises liability, if a landowner relinquishes possession and control of its property to an independent contractor during the period of work, the duty of care shifts to the independent contractor. *Id.*

Here, Plaintiffs claim that Defendant's duty of care arose not from Defendant's status as a landowner, but from its contractual agreement to ground and drain the tank in preparation for Cossey's and Robeson's work.[1] Plaintiffs further allege that Defendant breached its duty by grounding and/or emptying the tank in a negligent manner thereby causing the explosion that seriously injured Cossey and killed Robeson.

In granting summary judgment for Defendant, the trial court considered only whether Defendant either controlled Cossey's and Robeson's work or maintained control over the property while Cossey and Robeson were performing their job duties for Tank Tech. After determining that Defendant controlled neither Cossey's and Robeson's performance nor the property, the trial court determined that the independent contractor exception shifted the duty of care to Tank Tech. *See, e.g., Griffith,* 254 S.W.3d at 198.

The independent contractor exception applies exclusively to premises liability theories of negligence and cannot shield a defendant from liability under a

---

1. Defendant conceded at oral argument that it was contractually obligated to render the tank free of product and that Defendant undertook to empty and prepare the tank for Plaintiffs.

general theory of negligence. *Daoukas v. City of St. Louis*, 228 S.W.3d 30, 35 (Mo. App. E.D.2007). When the facts pled establish that a defendant's liability arises from its negligent acts or omissions, rather than from a dangerous condition existing on the land, the facts support a claim of general negligence. *Daoukas*, 228 S.W.3d at 35; *Griffith*, 254 S.W.3d at 202. In *Daoukas* and *Griffith*, the Court found that, even though the plaintiffs were independent contractors and the defendants did not exercise substantial control over the plaintiffs' work, the defendants owed the plaintiffs a duty of care because they undertook or agreed to undertake a specific task. *Id.*

In *Daoukas*, the plaintiff was employed by an electrical company that was under contract with the City of St. Louis to perform electrical work at the airport. *Daoukas*, 228 S.W.3d at 32. While the plaintiff was working, the airport electrician, who was solely responsible for de-energizing the electrical feeders, dismantled the feeders' safety mechanisms. *Id.* Unaware that one of the feeders was still receiving an electrical current, the plaintiff continued working and an explosion occurred that seriously injured him. *Id.* at 33. On appeal, the electrician argued that he did not owe the plaintiff a duty of care because he did not control the jobsite or the details of the plaintiff's work. *Id.* at 34. We rejected the electrician's argument and held that the electrician owed the plaintiff a duty of care because he was responsible for de-energizing the electrical feeders and "a duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Id.* at 35 (citation omitted).

The Southern District considered a similar factual situation in *Griffith*, where the plaintiff worked for a construction company hired to renovate an abbey. *Griffith*, 254 S.W.3d at 197. The plaintiff was moving drywall when a monk began assisting him. *Id.* One or both of the men lost control of the drywall, and a stack of drywall fell on and injured the plaintiff. *Id.* The plaintiff sued the monk and the abbey for his injuries, and the trial court granted summary judgment for the defendants reasoning that the plaintiff failed to prove that the abbey was in control of the premises at the time of his injury. *Id.* at 197–98. On appeal, the Court reversed and remanded the trial court's entry of summary judgment because the plaintiff's cause of action was based, not on a dangerous condition, but on the monk's actions in "put[ting] the drywall in motion." *Id.* at 202. As such, the plaintiff's cause of action was grounded in negligence and the trial court erred in granting summary judgment based on a theory of premises liability. *Id.*

As in *Daoukas* and *Griffith*, Plaintiffs here allege facts supporting a claim under a general theory of negligence. Plaintiffs' allegations are directed to the actions of Defendant and not to a condition of the premises. Specifically, Plaintiffs assert that Defendant owed Cossey and Robeson a duty of care that arose from Defendant's agreement to empty the tank of gasoline before Cossey and Robeson began their repair work. Plaintiffs further contend that Defendant negligently performed its contractual obligation to empty the tank and that this failure caused Cossey's injuries and Robeson's death. In response, Defendant asserts that it "did all it was required to do in preparing the tank for [Cossey and Robeson]...." As Defendant itself implicitly recognizes, the critical disputed fact issue implicates Defendant's acts or omissions in the performance of its obligation to empty the tank of gasoline. Defendant's status as a landowner is irrelevant to Plaintiffs' theory of liability.

In support of its argument that the trial court properly granted summary judgment on the grounds of the independent contractor exception, Defendant relies heavily on *State ex rel. Union Elec. Co. v. Dolan,* 256 S.W.3d 77 (Mo. banc 2008). *Union Electric* is easily distinguishable from the instant case. In *Union Electric,* the plaintiff asserted liability under the "general rule that a landowner owes a duty to use reasonable and ordinary care to prevent injury to invitees." *Id.* at 83. The Supreme Court noted first that the plaintiff's petition failed to allege facts suggesting that the defendant owned the land and controlled the job-site or the activities of the independent contractor. *Id.* The Court therefore held, "[a]bsent such factual allegations, [defendant] cannot be held liable under a premises liability theory." *Id.* However, the plaintiff's "primary argument" was that the defendant was liable as a "host employer" because it breached its duty to ensure the safety of the workplace. *Id.* Because the Supreme Court declined to recognize a "host employer" theory, it understandably held that the plaintiff failed to state a claim. *Id.* at 84. Unlike the claims rejected by the Supreme Court in *Union Electric,* Plaintiffs here are not asserting that Defendant is a "host employer" nor can we discern such a theory in the petition.

Defendant also suggests that summary judgment was appropriate because the Plaintiffs failed to specifically plead in their petition that Defendant's duty of care arose from its agreement to empty the tank. When considering a motion for summary judgment, the trial court must consider all pleadings, depositions, admissions, and affidavits before it because summary judgment is appropriate only when no the-

ory within the scope of the trial court record would permit recovery. Supreme Court Rule 74.04; *Zafft v. Eli Lilly & Co.,* 676 S.W.2d 241, 244 (Mo. banc 1984). In the instant case, the facts relating to Defendant's contractual duty to empty the tank were fully before the trial court in the parties' pleadings and depositions.[2]

### *Conclusion*

We conclude that the trial court erred when it granted summary judgment on the grounds that application of the independent contractor exception precludes liability against Defendant. The trial court's entry of summary judgment is reversed.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.

---

**2.** We note that frequently in its brief and at oral argument, Defendant argued that it not only agreed to drain or empty the tank prior

to Cossey and Robeson's work on the tank, but also performed the work properly.