

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| JAMES E. EAKER, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD77851 |
| | ) | |
| KANSAS CITY POWER & LIGHT | ) | FILED: August 18, 2015 |
| COMPANY, | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County**
**The Honorable S. Margene Burnett, Judge**

**Before Division Four: Alok Ahuja, C.J., Joseph M. Ellis, J. and Janet Sutton, Sp. J.**

James Eaker alleges that he was injured when he stepped through a gap in a walkway while repairing the boiler at a power plant owned and operated by Kansas City Power and Light Company ("KCP&L").[1] At the time of his injury, Eaker was employed by a third-party boiler-maintenance-and-repair contractor, not by KCP&L. Eaker sued KCP&L for his bodily injuries, claiming that the company had failed to use ordinary care to remedy or warn of the gap in the walkway. The circuit court granted summary judgment to KCP&L, finding that it was Eaker's statutory employer under § 287.040.1,[2] and that Eaker's exclusive remedy for his injuries was

---

[1] We refer to Kansas City Power & Light Company as "KCP&L" in this opinion for the sake of brevity, and because the entity has historically been referred to by this acronym. Kansas City Power & Light Company is a distinct corporate entity from its affiliate, KCP&L Greater Missouri Operations Company. Eaker initially named KCP&L Greater Missouri Operations Company as an additional defendant, but voluntarily dismissed it shortly after the petition was filed. KCP&L Greater Missouri Operations Company is not involved in this appeal.

[2] Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, updated through the 2013 Cumulative Supplement.

therefore through the worker's compensation system. Eaker appeals. We conclude that KCP&L failed to adequately plead the affirmative defense that it was Eaker's statutory employer, and therefore that it was entitled to the protections of workers' compensation exclusivity. We accordingly reverse, and remand for further proceedings.

**Factual Background**

Viewed in the light most favorable to Eaker, the facts show that he was injured on the morning of July 19, 2008, while repairing the boiler at KCP&L's Hawthorn 5 power plant. Although he was working on KCP&L's property, at the time of his injury Eaker was employed by Enerfab, a boiler-maintenance and -repair contractor.

Prior to the incident in question, KCP&L contracted with Enerfab to service and maintain the Hawthorn 5 boiler unit. Enerfab employees were on KCP&L property at least four times a week to perform boiler unit servicing and maintenance.

Eaker's injury occurred during the emergency repair of a tube leak in the Hawthorn 5 boiler. KCP&L contacted Enerfab about the issue, and Enerfab in turn contacted Eaker's union. The union's hiring hall dispatched Eaker, a union boilermaker, to the plant. Eaker worked at the plant overnight from July 17 to July 18, then again overnight the following evening until he was injured at approximately 7:20 a.m. on the morning of July 19, 2008. Eaker's injury occurred while he was pulling a light out of the boiler. Eaker stated that, as he pulled the light out, he stepped back, and his foot fell through a gap in the walkway on which he was standing.

Eaker filed a workers' compensation claim against Enerfab in March 2010. He filed this civil action against KCP&L on May 18, 2012.

In its Answer to Eaker's Petition, KCP&L asserted a series of affirmative defenses. KCP&L's thirteenth affirmative defense alleged that,

> [t]o the extent Plaintiff has received compensation from other persons or entities involved in this occurrence, including compensation from his employer in a workers' compensation claim, Plaintiff's monetary damages recoverable herein should be reduced by the amount received from those third parties or by the amount stipulated in those settlements, whichever is greater.

KCP&L's sixteenth affirmative defense alleged:

> Defendant cannot be held liable for Plaintiff's alleged accident or subsequent injuries to the extent Defendant relinquished control of the premises to Plaintiff's employer at the time of the accident. Furthermore, Plaintiff has been fully compensated for the alleged injury through his exclusive remedy, worker's compensation.

Eaker filed a Motion to Make More Definite and Certain, or In the Alternative to Strike, Portions of Defendant's Answer. The motion challenged, among other things, the particularity with which KCP&L had pleaded its sixteenth affirmative defense. Eaker argued that KCP&L's affirmative defenses, including its sixteenth defense, were "plead as mere conclusory allegations unsupported by any facts."

In its opposition to Eaker's motion for a more definite statement, KCP&L characterized its sixteenth affirmative defense as follows:

> This defense provides the fact that KCP&L relinquished a degree of control to Plaintiff's employer. If KCP&L no longer had control over plaintiff, then KCP&L is no longer liable and Plaintiff's only remedy is through worker's compensation. Again, this affirmative defense is sufficiently pled for Plaintiff to prepare for trial.

The trial court sustained Eaker's motion for a more definite statement with respect to KCP&L's sixteenth affirmative defense. KCP&L filed an amended answer on December 6, 2012, which revised its sixteenth defense in the following respects:

> Defendant cannot be held liable for Plaintiff's alleged accident or subsequent injuries to the extent Defendant **contracted with Plaintiff's employer, Enerfab, to relinquish** ~~relinquished~~ control of the premises **and safety of Enerfab's employees to Enerfab** ~~to Plaintiff's employer~~ at the time of the accident. Furthermore, Plaintiff has been fully compensated for the alleged injury through his exclusive remedy, worker's compensation.

3

The circuit court issued a scheduling order on October 16, 2012. The scheduling order specified that motions to amend the pleadings be filed no later than April 1, 2013, that dispositive motions be filed no later than June 24, 2013, and that "[a]ll discovery will be completed on or before July 31, 2013." The order also provided that "[t]he above cause is Specially Set for trial on September 23[,] 2013. This setting is a **NO CONTINUANCE** setting."

The circuit court entered an order on July 30, 2013, which granted the parties' Joint Motion to Amend Scheduling Order and to Continue Trial Setting. The July 2013 order removed the case from the trial docket, and granted KCP&L until September 9, 2013 "to file [a] dispositive motion based upon the statutory employment defense."

KCP&L filed a motion for summary judgment on September 9, 2013, claiming that Eaker was its "statutory employee" under § 287.040.1, and thus that Eaker's exclusive remedy against KCP&L was under the Workers' Compensation Law. Eaker's opposition argued, among other things, that KCP&L had not properly pled a statutory employment defense in its answer, and that the defense was therefore waived.

On July 14, 2014, the circuit court granted summary judgment to KCP&L. With respect to the adequacy of KCP&L's pleading, the circuit court found that, "[w]hile the affirmative defense contained in paragraph 16 of the Defendant's Answer could have been drafted with more particularity, at the very least, Plaintiff was put on notice that Defendant intended to use the exclusivity of the Workers' Compensation [Law] as an affirmative defense." The court also reasoned that it was unnecessary for KCP&L to expressly refer to "statutory employment," since the basis of KCP&L's defense "is the exclusivity of the Workers' Compensation [Law], not that Plaintiff is a 'statutory employee.'" Finally, the court observed that, after KCP&L filed its amended answer, "not only did Plaintiff not object to the affirmative defenses in Defendant's

4

Amended Answer, but Plaintiff failed to file a subsequent motion regarding Defendant's pleadings." On the merits, the circuit court found that the undisputed facts established that KCP&L met the criteria specified in § 287.040.1 to be considered a statutory employer, and that the exception to statutory employment contained in § 287.040.2 was inapplicable.

Eaker appeals.

## Analysis

"'The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore this Court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo*.'" *Ditto, Inc. v. Davis*, 457 S.W.3d 1, 8 (Mo. App. W.D. 2014) (quoting *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452 (Mo. banc 2011)).

On appeal, Eaker's asserts three Points Relied On. His Points challenge both the circuit court's conclusion that KCP&L had adequately pleaded an affirmative defense based on the statutory employment doctrine, and the court's ruling that the undisputed facts established KCP&L's right to summary judgment based on the defense. We conclude that reversal is required based solely on Eaker's first Point: that KCP&L failed to adequately plead the statutory employment doctrine as an affirmative defense. Given our disposition, it is unnecessary to address the merits of the statutory employment defense.

A defendant's contention that a plaintiff's exclusive remedy for a personal-injury claim is through the workers' compensation system "is not a question that affects the circuit court's subject matter jurisdiction"; instead, a claim of workers' compensation exclusivity "is a matter of affirmative defense that must be pleaded and proved as provided in Rules 55.08 and 55.27." *McCracken v. Wal-Mart Stores E., L.P.*, 298 S.W.3d 473, 479 (Mo. banc 2009); *see also Treaster v. Betts*, 324 S.W.3d 487, 490 (Mo. App. W.D. 2010). "For summary judgment to be

5

granted to a defendant on the basis of an affirmative defense, the movant must establish 'that there is no genuine dispute as to the existence of *each* of the facts necessary to support movant's ***properly-pleaded*** [sic] affirmative defense." *Ditto, Inc.*, 457 S.W.3d at 14-15 (quoting *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993) (second emphasis added by *Ditto, Inc.*).

Supreme Court Rule 55.08 requires that "a party shall set forth all applicable affirmative defenses and avoidances" in a responsive pleading. Rule 55.08 specifies that the responsive pleading "shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance."

To properly plead an affirmative defense as required by Rule 55.08, the party asserting the defense must allege each ultimate fact necessary to make the defense applicable.

> Bare legal assertions are insufficient to plead an affirmative defense. Instead, an affirmative defense is asserted by the *pleading of additional facts* not necessary to support a plaintiff's case which serve to avoid the defendants' legal responsibility even though plaintiffs' allegations are sustained by the evidence. In other words, the factual basis for an affirmative defense must be set forth in the same manner prescribed for pleading claims. A pleading that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law.

*Ditto*, *Inc.*, 457 S.W.3d at 15 (citations and internal quotation marks omitted); *see also Peterson v. Discovery Prop. & Cas. Ins. Co.*, 460 S.W.3d 393, 410-11 (Mo. App. W.D. 2015).

To determine the adequacy of KCP&L's pleading, it is first necessary to determine the factual elements of the affirmative defense that a defendant is entitled to the protections of workers' compensation exclusivity, because it is the plaintiff's statutory employer under § 287.040.1. We begin with the language of the statute. Section 287.040.1 provides in relevant part:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

"The General Assembly adopted section 287.040 to prevent employers from circumventing the requirements of the Act by hiring independent contractors to perform work the employer would otherwise perform." *Bass v. National Super Mkts., Inc.*, 911 S.W.2d 617, 619 (Mo. banc 1995). "As the statute makes clear, statutory employment exists when three elements coexist: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of business of the alleged statutory employer." *Id.* at 619-20; *see also*, *e.g.*, *McCracken*, 298 S.W.3d at 480; *Brito-Pacheco v. Tina's Hair Salon*, 400 S.W.3d 817, 821-22 (Mo. App. W.D. 2013). KCP&L's Brief acknowledges the three essential factual elements necessary to establish that a defendant is a statutory employer under § 287.040.1: "The statutory employment statute has always required three things: a contract for work, performance of the work on defendant's premises, and that the work is done in the usual course of the defendant's business." Respondent's Br. at 37-38.

KCP&L's amended answer failed to allege the "three things" which "[t]he statutory employment statute has always required." KCP&L's sixteenth affirmative defense, as amended following the grant of Eaker's motion for more definite statement, alleges in full:

Defendant cannot be held liable for Plaintiff's alleged accident or subsequent injuries to the extent Defendant contracted with Plaintiff's employer, Enerfab, to relinquish control of the premises and safety of Enerfab's employees to Enerfab at the time of the accident. Furthermore, Plaintiff has been fully compensated for the alleged injury through his exclusive remedy, worker's compensation.

Considering the allegations of Eaker's petition and KCP&L's amended answer, the fact that Eaker was injured on KCP&L's property was adequately alleged. But the other two

7

elements necessary to establish statutory employment were not.  First, neither Eaker's petition, nor KCP&L's amended answer, allege that Eaker was performing work pursuant to a contract between KCP&L and Enerfab at the time he was injured.  While KCP&L's answer alleged that it contracted with Enerfab to relinquish control of its premises, the answer does not allege that the contract required Enerfab to perform work for KCP&L.  A landowner may relinquish control of its property to another in circumstances having nothing to do with the performance of work for the landowner (many lease or license agreements for commercial property may be of this character).  Although it may be unlikely, given the nature of the Hawthorn 5 property, that KCP&L would relinquish control of its property for any reason *other than* the performance of work for KCP&L, its answer did not allege that Eaker was performing work under the Enerfab-KCP&L contract at the time of his injury.

More significantly, the answer fails in any manner to allege that KCP&L's contract with Enerfab involved work "which is an operation of the usual business which [KCP&L] . . . carries on" at Hawthorn 5, or that Eaker was "doing work which is in the usual course of [KCP&L's] business" at the time of his injury.  § 287.040.1.  This is a hotly disputed issue.  Eaker contends that although the KCP&L-Enerfab contract also covered regular boiler servicing and maintenance, at the time he was injured Eaker was performing specialized, episodic repair work, which KCP&L would not have hired its own employees to perform.  Eaker also argues that his repair work was not part of KCP&L's usual business, but was instead only necessary to equip or facilitate KCP&L's business (similar to supplying fuel to a manufacturing plant, or delivering goods to a retailer for resale).  Yet, despite the fact that this is a highly contested issue, KCP&L's answer alleges no facts to establish that the work Eaker was performing was in the usual course of KCP&L's business.

8

The circuit court held that "Plaintiff was put on notice that Defendant intended to use the exclusivity of the Workers' Compensation [Law] as an affirmative defense," and that it was unnecessary for KCP&L to expressly refer to "statutory employment," since the basis of its defense "is the exclusivity of the Workers' Compensation [Law]." We agree that it was not necessary for KCP&L's answer to expressly state the legal conclusion that it qualified as Eaker's "statutory employer." But the bare recitation that KCP&L intended to rely on the exclusive-remedy provisions of the Workers' Compensation Law would not be sufficient to assert the affirmative defense under Rule 55.08. "Bare legal assertions are insufficient to plead an affirmative defense." *Ditto*, *Inc.*, 457 S.W.3d at 15. KCP&L was required to allege the *ultimate facts* entitling it to workers' compensation exclusivity; as explained above, it failed to do so.

In any event, we do not read KCP&L's sixteenth affirmative defense as asserting that the company would rely on workers' compensation exclusivity to defeat Eaker's claim. The relevant paragraph alleges that Eaker "has been fully compensated for the alleged injury through his exclusive remedy, worker's compensation." KCP&L's answer refers to Eaker's receipt of "full compensat[ion]" in the past tense. The record does not reflect that any workers' compensation claim had been filed against KCP&L – much less resolved – at the time of the filing of KCP&L's amended answer. Instead, the relevant statement appears to refer (like KCP&L's thirteenth affirmative defense), to Eaker's receipt of workers' compensation benefits in a claim against his direct employer, Enerfab. Eaker filed a workers' compensation claim against Enerfab in March 2010 (although the record does not reflect when, if at all, that claim was resolved). The reference in KCP&L's answer to Eaker's "exclusive remedy, worker's compensation," would not have put Eaker on notice that KCP&L intended to argue that it was Eaker's statutory employer under § 287.040.1.

9

Rather than statutory employment, KCP&L's sixteenth affirmative defense was plainly intended to invoke the "independent contractor exception" to a claim of premises liability. As we recently explained,

> "The premises liability theory of negligence provides that a landowner owes an invitee the duty to use reasonable and ordinary care to prevent injury to the invitee as the result of a dangerous condition existing on the premises." "Under the independent contractor exception to premises liability, if a landowner relinquishes possession and control of its property to an independent contractor during the period of work, the duty of care shifts to the independent contractor."

*Key v. Diamond Int'l Trucks*, 453 S.W.3d 352, 360 (Mo. App. W.D. 2015) (quoting *Cossey v. Air Sys. Int'l, Inc.*, 273 S.W.3d 588, 590 (Mo. App. E.D. 2009)). Indeed, KCP&L told the circuit court that this is what its sixteenth affirmative defense was intended to do: in opposing Eaker's motion for more definite statement, KCP&L stated that "[t]his defense provides the fact that KCP&L relinquished a degree of control to Plaintiff's employer. If KCP&L no longer had control over plaintiff, then KCP&L is no longer liable . . . ."[3] Given KCP&L's own statements, the only reasonable reading of its sixteenth affirmative defense is that it was alleging that KCP&L had relinquished control of the premises to Enerfab, and therefore that the only potentially liable party was Enerfab.

The circuit court's judgment also notes that Eaker failed to object to the affirmative defenses stated in KCP&L's amended answer, or to file a second motion for more definite statement. We are aware of no authority which would require a litigant to file multiple motions attacking an opponent's pleadings in these circumstances. Eaker requested that KCP&L plead its sixteenth affirmative defense with greater particularity, that motion was granted, and KCP&L provided what further factual allegations it deemed appropriate. As we have explained,

---

[3] Although the quoted sentence continues by stating "and Plaintiff's only remedy is through worker's compensation," this plainly refers to a worker's compensation claim *against Enerfab*, not a claim against KCP&L.

KCP&L's sixteenth affirmative defense pleaded that it was entitled to rely on the "independent contractor exception" to a premises liability claim; nothing in its allegations would have alerted Eaker that KCP&L intended to argue that it was his statutory employer. Eaker was not required to file a successive challenge to KCP&L's pleading, requesting that it assert an additional and different affirmative defense than the one it had chosen to plead (and to re-plead).

Put simply, KCP&L's sixteenth affirmative defense failed to fulfill "the purpose of Rule 55.08[, which] is to provide notice to the plaintiff so the plaintiff can be prepared" to respond to the affirmative defenses on which a defendant intends to rely. *Mobley v. Baker*, 72 S.W.3d 251, 258 (Mo. App. W.D. 2002). Because KCP&L failed to adequately plead that it was Eaker's statutory employer, the circuit erred by granting summary judgment on the basis of this unpleaded affirmative defense, and the grant of summary judgment must be reversed.[4]

**Conclusion**

The circuit court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Alok Ahuja, Chief Judge

All concur.

---

[4]     We recognize that, on remand, KCP&L could seek leave to amend its answer to allege that it is Eaker's statutory employer, and that the circuit court might grant leave to amend, and grant KCP&L summary judgment on the same basis as before. Given that the deadlines to complete discovery and seek leave to amend the pleadings have passed, and that KCP&L has already been given one opportunity to re-plead the relevant affirmative defense, it is not a foregone conclusion that the circuit court would exercise its discretion to grant KCP&L leave to further amend its answer. In these circumstances, we do not consider it necessary or appropriate to address the merits of the statutory employment issue in this opinion.